**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RAUL BENJAMIN DE VILLEGAS CARRASCO,<br>Petitioner,<br>v.<br>ARTHUR WILSON, JR., *et al.*,<br>Respondents. | No. 26-cv-8685<br><br>**MEMORANDUM ORDER** |

**CECCHI, District Judge.**

Before the Court is petitioner Raul Benjamin De Villegas Carrasco's ("Petitioner") petition for a writ of habeas corpus. ECF No. 1. Respondents answered the petition, ECF No. 5, and Petitioner filed a reply, ECF No. 6. For the reasons stated below, the Court will grant Petitioner's petition for a writ of habeas corpus.

**WHEREAS** Petitioner is a Chilean citizen who entered the United States in March 2024 under the Visa Waiver Program ("VWP"). ECF No. 1 ¶¶ 1, 6; ECF No. 5 at 1; and

**WHEREAS** the VWP allows "qualifying noncitizens of designated countries [to] enter the United States temporarily for up to 90 days." *Molina v. Soto*, No. 25-16880, 2025 WL 3281820, at *2 (D.N.J. Nov. 25, 2025); *see also Bradley v. Att'y Gen. of U.S.*, 603 F.3d 235, 238 (3d Cir. 2010). However, by utilizing the VWP, a noncitizen "waive[s] his . . . right to contest the government's admissibility determinations and removal actions, except that the [noncitizen] may contest [subsequent] removal actions on the basis of asylum." *Bradley*, 603 F.3d at 328; and

**WHEREAS** notwithstanding this 90-day VWP period, Petitioner has remained in the United States since his entry in March 2024. ECF No. 1 ¶¶ 6, 14. Petitioner states in his petition that he fears he will be persecuted and tortured if he returns to Chile. *Id.* ¶ 14; and

**WHEREAS** in June 2026, U.S. Immigration and Customs Enforcement ("ICE") agents detained Petitioner. *Id.* ¶ 8; ECF No. 5 at 2. After Petitioner was served with a notice of intent to issue a final removal order, Petitioner "requested asylum and/or withholding of removal under the Convention Against Torture." ECF No. 5 at 2; *see also* ECF No. 1 ¶ 7 (stating that Petitioner is currently "pursu[ing] available forms of relief from removal, including asylum, withholding of removal, [and] protection under the Convention Against Torture"). The next month, Petitioner, who is currently detained at Delaney Hall Detention Facility, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention. *See generally* ECF No. 1; and

` **WHEREAS** in their answer, Respondents argue that Petitioner's detention is authorized by 8 U.S.C. § 1187(c)(2)(E). ECF No. 5 at 2. In particular, Respondents rely on the Board of Immigration Appeals' ("BIA") decision in *Matter of A-W-*, 25 I. & N. Dec. 45 (B.I.A. 2009), wherein the BIA found that 8 U.S.C. § 1226(a)—the statutory provision that allows certain immigration detainees to receive a bond hearing—does not apply to noncitizens who entered the United States pursuant to the VWP and later request asylum. ECF No. 5 at 2–4; *see Szentkiralyi v. Ahrendt*, No. 17-1889, 2017 WL 3477739, at *3 (D.N.J. Aug. 14, 2017) ("The lynchpin of . . . *A-W-* is the BIA's determination that § 1187(c)(2)(E) provides statutory authority for the detention of VWP aliens independent of the general authority to detain aliens pending removal pursuant to § 1226."); *see also Buele Morocho v. Warden Phila. FDC*, --- F.4th ---, 2026 WL 2546223, at *1 (3d Cir. Aug. 28, 2026) (noting that "§ 1226(a) permits discretionary release on bond pending removal proceedings so long as the noncitizen is not a danger or flight risk"). In other words, according to Respondents, once a VWP entrant raises asylum claims in removal proceedings, the immigration judge is without authority to hold a bond hearing. *See* ECF No. 5 at 2–4. Thus, Respondents state that, because Petitioner remained in the country beyond the 90-day

period provided by the VWP and has "expresse[d] an intent to apply for asylum," § 1187(c)(2)(E)—not § 1226(a)—justifies his detention. *Id.* at 2; and

**WHEREAS** like many other courts in this Circuit, the Court finds Respondents' position unconvincing. *See, e.g.*, *Borges v. Soto*, No. 26-8568, 2026 WL 2621022, at *1 (D.N.J. Sept. 4, 2026); *Talv v. Soto*, No. 26-9447, 2026 WL 2607317, at *2 (D.N.J. Sept. 3, 2026); *De Carvalho v. Blanche*, No. 26-10272, 2026 WL 2547371, at *1 (D.N.J. Aug. 28, 2026); *Molina*, 2025 WL 3281820, at *3; *Romance v. Warden York Cnty. Prison*, No. 20-760, 2020 WL 6054933, at *4 (M.D. Pa. July 28, 2020), *report and recommendation adopted*, No. 20-760, 2020 WL 6047594 (M.D. Pa. Oct. 13, 2020); *Gjergj G. v. Edwards*, No. 19-5059, 2019 WL 1254561, at *2–3 (D.N.J. Mar. 18, 2019); *Emila N. v. Ahrendt*, No. 19-5060, 2019 WL 1123227, at *3 (D.N.J. Mar. 12, 2019); *Szentkiralyi*, 2017 WL 3477739, at *4–5; *Sutaj v. Rodriguez*, No. 16-5092, 2017 WL 66386, at *5 (D.N.J. Jan. 5, 2017); and

**WHEREAS** "[t]he text of § 1187(c)(2)(E) says nothing about [ICE's] authority to arrest and detain a person who has overstayed under the VWP." *Molina*, 2025 WL 3281820, at *3; *see also Talv*, 2026 WL 2607317, at *2 ("[N]othing in [§ 1187(c)(2)(E)] affirmatively authorizes DHS to arrest or detain a VWP participant."). As such, the VWP does not itself authorize detention, and "the detention of a [noncitizen] . . . must instead arise from one of the other statutory provisions expressly covering [noncitizens] subject to detention during their removal proceedings." *Molina*, 2025 WL 3281820, at *3 (quoting *Gjergi G.*, 2019 WL 1254561, at *2). Given this framework, the Court finds that § 1187(c)(2)(E) cannot authorize Petitioner's detention; and

**WHEREAS** Respondents do not set forth any other basis to justify Petitioner's detention. Therefore, the Court will grant the petition and order Petitioner's release. *See Thieme v. Warden Fort Dix FCI*, 154 F.4th 115, 123 (3d Cir. 2025) ("[T]he writ of habeas corpus is a means of

challenging 'unlawful executive detention' for which the 'typical remedy . . . is . . . release.'" (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008))).

Accordingly, **IT IS** on this 17th day of September 2026;

**ORDERED** that Petitioner's petition for a writ of habeas corpus (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner from custody within twenty-four (24) hours of entry of this Memorandum Order; and it is finally

**ORDERED** that Respondents shall file a status letter within forty-eight (48) hours of Petitioner's release.

**SO ORDERED**.

*/s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**